UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2015 MAR -6 PM 2:37
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| ANGELA RILEY, KATHRYN KNIGHT, and JODONNA BROWN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. |
| CITY OF KOKOMO, INDIANA, HOUSING AUTHORITY, | ) 1:15-cv-0391 WTL-DML ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of the Case

1. This case is brought by Plaintiffs for race, disability and retaliation discrimination pursuant to the Civil Rights Acts of 1866 and 1871, as amended, Title 42, United States Code, Sections 1981, 1983, 1985 and related sections, pursuant to Title VII of the Civil Rights Act of 1964 as amended, Title 42, United States Code, Section 2000e and related sections, pursuant to the Civil Rights Act of 1991, Title 42, United States Code, Section 1981a and related sections, pursuant to the Americans with Disabilities Act of 1990 ("ADA") as amended, Title 42, United States Code, Section 12101 and related sections, pursuant to the Family and Medical Leave Act ("FMLA"), Title 29, United States Code, Section 2601 and related sections, and pursuant to the Civil Rights Act of 1968 as amended, also known as the Fair Housing Act ("FHA"), Title 42 United States Code, Section 3601-3631 and related sections.

## Jurisdiction and Venue

2. This court has jurisdiction over the case pursuant to the Civil Rights Act, Title 42, United States Code, Section 2000e-5, pursuant to federal question jurisdiction, Title 28, United States Code, Section 1331, and pursuant to civil rights jurisdiction, Title 28, United States Code, Section 1342 (3) and (4).

3. Venue for this case lies with this court pursuant to Title 28, United States Code, Section 1391 for the reason that the Southern District of Indiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Parties

4. Plaintiffs Angela Riley, Kathryn Knight, and Jodonna Brown were at all times mentioned in this complaint female citizens of the United States of America and the State of Indiana and residents of the Southern District of Indiana. Riley and Knight are persons with disabilities, and Brown is the daughter of Knight. Riley was and is a resident of housing managed by the Defendant and was an employee of the Defendant at the time of events in this complaint. Knight and Brown were residents of housing managed by the Defendant at the time of events in this complaint.

5. Defendant City of Kokomo, Indiana, Housing Authority ("KHA") is a governmental organization in the Southern District of Indiana.

## Facts

6. On November 3, 2008, Angela Riley began working for KHA as a clerk.

7. Riley had good work performance, she was promoted to Leasing Specialist Trainee/Community Services Clerk and she was later promoted to Low Rent Application

Processor.

8. Riley had good performance reviews all during her employment with KHA.

9. Riley complained about sex, race and disability discrimination.

10. KHA did not take prompt appropriate corrective action in response to Riley's complaints.

11. Instead, KHA retaliated against Riley, including assigning her to work for a period of time in a closet shortly after she complained about discrimination.

12. On January 11, 2013, Kathryn Knight signed a lease with KHA and moved into an apartment in the Civic Center Towers building where the KHA offices were located.

13. Knight was a good tenant.

14. Knight was chosen to be a member and president of the resident council.

15. On August 9, 2013, KHA told Knight that someone had complained that her biracial grandchildren's visits were excessive, which was not true.

16. Knight did not have visitors in her apartment for more than the time allowed by KHA's Admissions and Continued Occupancy Policy ("ACOP").

17. KHA threatened Knight with eviction.

18. Knight asked KHA who had made the complaint about her grandchildren, but KHA refused to tell Knight.

19. Knight complained that the other residents had been told who made a complaint, but KHA refused to tell Knight.

20. Knight complained to KHA and to the Indianapolis HUD office that she was being discriminated against because of her biracial grandchildren.

21. Riley aided Knight in exercising her rights against discrimination by assisting Knight

with her complaints and explaining the ACOP provisions.

22. KHA CEO Debra Cook threatened Knight with eviction if she did not withdraw her complaint.

23. Knight allowed her complaint to be withdrawn.

24. In November 2013, Riley continued to complain to KHA about sex discrimination.

25. Riley took extensive FMLA leave.

26. The KHA HR Manager told Riley to just quit and apply for Social Security Disability benefits.

27. Riley did not want to quit, because she could perform her job with accommodations.

28. On March 7, 2014, KHA gave Riley a Written Warning for the transfer of someone into a house that required accommodations for a disability, but Riley did not transfer the person into the house, and the Written Warning statement was false.

29. Riley became stressed and took FMLA leave.

30. Riley returned and performed her job.

31. On May 7, 2014, Riley complained that someone had been moved into an apartment without proper paperwork.

32. Riley complained to her supervisor, Tina Bellis.

33. Bellis reported the matter to CEO Debra Cook, but Cook said that she was aware of the situation and that it was allowed.

34. Riley tried to complain to HR Director Cheryl Morrow about the different treatment, but she was not in her office.

35. Riley called Cook, who said she was busy and told Riley to talk to Bellis.

36. Riley complained about the different treatment to Bellis again, who did not resolve the matter.

37. Riley complained to the Indianapolis HUD office about the discrimination.

38. KHA employees heard Riley complain to the Indianapolis HUD office, and they told Cook.

39. Cook told Carol Kindlesparker to tell Riley that Cook could see her now, which Kindlesparker told Riley.

40. Riley called Cook and told her that Riley had already reported the matter to the Indianapolis HUD office, which was handling the matter, and that Riley no longer needed to talk to Cook.

41. Cook told Riley that every time somebody makes a complaint or Riley encourages a resident to make a complaint, KHA loses funding.

42. Riley told KHA that the matter was increasing her anxiety disorder and seizure disorder.

43. Riley requested to take FMLA leave for the following day, Thursday May 8, 2014, and a vacation day for Friday, May 9, 2014 because she was told she had no more FMLA leave.

44. KHA granted Riley the FMLA leave and a vacation day for Thursday and Friday.

45. On May 8, 2014, Riley called the Indiana Civil Rights Commission to complain about the discrimination, who referred her to the Fair Housing and Equal Opportunity office, to whom Riley complained.

46. On May 9, 2014, Cook signed an Employee Disciplinary Report terminating Riley's employment.

47. KHA failed to provide reasonable accommodation to Riley and discriminated against her

because of her disability and because she had complained about discrimination and aided and assisted others to complain about discrimination.

48. When Riley returned to work on Monday, May 12, 2014, the HR Director called Riley to the HR Director's office, read the Employee Disciplinary Report, signed by Cook, and terminated Riley's employment.

49. The signed termination stated that Riley refused to go to the office of the CEO, which Riley did not refuse to do, and stated that Riley said she was going over the head of the CEO, which Riley did not say, but which she had a right to do.

50. Riley pursued her complaints of discrimination.

51. KHA retaliated and tried to find other reasons to criticize Riley.

52. On about June 18, 2014, KHA questioned Jodonna Brown about a lease application with which Riley had assisted Brown.

53. Brown, the daughter of Knight, had completed an application for housing on December 30, 2013, but KHA had not yet granted her housing by April 1, 2014.

54. On about April 1, 2014, Brown completed an updated application and placed on it the current date.

55. Riley aided Brown by reviewing the application, and saw that Brown had originally applied for housing on December 30, 2013, which application was still active, whited out the current date and wrote the date of the original application, December 30, 2013.

56. KHA granted Brown housing on June 5, 2014.

57. After KHA terminated Riley and KHA was looking for reasons to criticize Riley, KHA claimed to Brown that someone had committed fraud by whiting out the April 2014 date

on her updated application and writing over the white-out the December 30, 2013 application date.

58. There was no fraud by Riley, but KHA retaliated against Riley for complaining about discrimination.

59. There was no fraud by Brown, but KHA retaliated against Brown for being associated with Riley.

60. KHA threatened Brown with eviction.

61. Brown complained to her mother, Knight, and Knight complained to Riley.

62. Riley and Knight aided Brown in exercising her rights to be free from discrimination and retaliation.

63. Knight complained to KHA about the unequal treatment of her daughter and requested to assist her daughter to explain the facts.

64. KHA Deputy Director James Gunlite refused to allow Knight to assist her daughter.

65. Gunlite told Knight to go to her room, which Gunlite had no authority to do and which was discriminatory and retaliatory treatment of Knight for trying to assist her daughter to complain about the discrimination.

66. Knight told Gunlite that there was mental illness in her family, but Gunlite did not provide relief.

67. Gunlite stood in the way of Knight leaving the room.

68. Knight complained to Gunlite about his treatment of her.

69. Gunlite did not provide Knight equal treatment.

70. Gunlite did not provide Knight accommodation for her disability.

71. KHA gave Knight a notice of eviction because of her complaints of discrimination and her association with and assistance of Riley and Brown.

72. KHA gave Brown a notice of eviction because of her complaints of discrimination and her association with and assistance of Riley and Knight.

73. KHA gave Brown a hearing with Gunlite and failed to give Brown a hearing with a person who was not involved.

74. KHA gave Knight a hearing with Gunlite and failed to give Knight a hearing with a person who was not involved.

75. Knight requested a hearing with a person who was not involved, and KHA refused to do so, in violation of its practice and in violation of the ACOP.

76. Knight requested to talk to the CEO Debra Cook, but Cook refused to talk to her.

77. KHA evicted Knight from her apartment.

78. KHA evicted Brown from her apartment.

79. KHA caused a No Trespass Order to be given to Knight prohibiting her from being on any KHA property, including the house of Riley.

80. The KHA No Trespass Order was not a lawful order.

81. The KHA No Trespass Order was a discriminatory and retaliatory order.

82. As a result of the actions of the Defendant, Riley, Knight and Brown have suffered lost back pay and benefits, lost front pay and benefits, lost future earnings, loss of reputation, lost job opportunities, humiliation, embarrassment, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, attorney fees and costs, and other damages.

83. By letter dated December 11, 2014, the EEOC mailed to Riley a notice of her right to sue

within 90 days of her receipt of the letter.

84. Riley has satisfied the preconditions to her lawsuit, and she has timely filed her complaint in court.

85. Knight and Brown have timely filed their allegations in court.

### Count 1–KHA's Disability Discrimination and Retaliation Against Riley

86. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

87. The Defendant intentionally denied reasonable accommodation, discriminated against Angela Riley and retaliated against Angela Riley with respect to her terms, conditions, and privileges of employment because she opposed disability discrimination, and the Defendant's actions are violations of Title 42, United States Code, Section 1981a, 2000e-5, 12112, 12117, 12203, and related sections.

Wherefore, Plaintiff Angela Riley demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, interest, injunctive relief, reinstatement, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

### Count 2–KHA's FMLA Violations Against Riley

88. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

89. The Defendant willfully denied FMLA leave to Angela Riley and retaliated against her for leave that she requested under the FMLA with regard to adverse actions including discipline, termination, denial of repairs, and a no-trespass order against her witness

Kathryn Knight in violation of the Family and Medical Leave Act, Title 28, United States Code, Section 2601 and following sections.

Wherefore, Plaintiff, Angela Riley, demands back pay and benefits, front pay and benefits, lost future earnings, liquidated damages, reinstatement, injunctive relief, interest, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

### Count 3–KHA's Title VII Retaliation Against Riley

90. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

91. The Defendant intentionally discriminated against Riley because she opposed race and sex discrimination and supported complaints against race and sex discrimination, which are violations of Title 42, United States Code, Sections 1981a, 2000e-3, 2000e-5, and related sections.

Wherefore, Plaintiff Angela Riley demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, interest, injunctive relief, reinstatement, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

### Count 4–KHA's FHA Violation Against Riley

92. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

93. The Defendant intentionally, with malice, and with deliberate indifference, conspired and discriminated in making unavailable and denying full use of a dwelling and in the

provision of employment and services to Angela Riley because she had complained about disability, race and sex discrimination and was associated with, aided and assisted, and was a witness for other residents in exercising their rights in opposing discrimination, and the Defendant's actions are violations of Title 42, United States Code, Sections 1981, 1983, 1985, 3604, 3617, 3671 and related sections. Wherefore, Plaintiff Angela Riley demands damages for lost use of housing and benefits, back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, injunctive relief, interest, the costs of this action including reasonable attorney fees, and all other just and proper relief.

## Count 5-KHA's FHA Violations Against Knight

94. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

95. The Defendant intentionally, with malice, and with deliberate indifference, conspired and discriminated in making unavailable or denying a dwelling to Kathryn Knight because of Knight's biracial children and grandchildren and Knight's disability or handicap and because Knight was associated with, aided and assisted, and was a witness for Angela Riley, Jodonna Brown, and other residents in exercising their rights in opposing discrimination, and the Defendant's actions are violations of Title 42, United States Code, Sections 1981, 1983, 1985, 3604, 3617, 3671 and related sections. Wherefore, Plaintiff Kathryn Knight demands damages for lost housing and benefits,

compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, injunctive relief, interest, the costs of this action including reasonable attorney fees, and all other just and proper relief.

### Count 6–KHA's FHA Violations Against Brown

96. Plaintiff incorporates paragraphs 1 through 85 of this complaint.

97. The Defendant intentionally, with malice, and with deliberate indifference, conspired and discriminated in making unavailable and denying a dwelling and in the provision of services to Jodonna Brown because she had complained about discrimination and was associated with, aided and assisted, and was a witness for Angela Riley, Kathryn Knight, and other residents in exercising their rights in opposing discrimination, and the Defendant's actions are violations of Title 42, United States Code, Sections 1981, 1983, 1985, 3604, 3617, 3671 and related sections.

Wherefore, Plaintiff Jodonna Brown demands damages for lost housing and benefits, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, injunctive relief, interest, the costs of this action including reasonable attorney fees, and all other just and proper relief.

### Demand for Jury Trial

Plaintiffs Angela Riley, Kathryn Knight, and Jodonna Brown, by counsel, demand a trial

by jury of all issues.

                              Respectfully submitted,

                              s/ Richard L. Darst
                              Cohen Garelick & Glazier
                              8888 Keystone Crossing Boulevard
                              Suite 800
                              Indianapolis, Indiana  46240-4636
                              Telephone (317) 573-8888
                              Facsimile  (317) 574-3855
                              Email rdarst@cgglawfirm.com